IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVEN RENARD JOHNSON, 1411687,    ) | |
|     Petitioner,                                          ) | |
|                                                               ) | |
| v.                                                                    ) | No. 3:09-CV-1525-D |
|                                                               ) | |
| RICK THALER, Director, Texas                   ) | |
| Dept. Of Criminal Justice, Correctional     ) | |
| Institutions Division,                                   ) | |
|     Respondent.                                       ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court.  The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.  Background**

Petitioner challenges his conviction for assault - family violence, enhanced by two prior felony convictions.  *State of Texas v. Steven Renard Johnson*, No. F-0600421-UP (203rd Dist. Ct., Dallas County, Tex., Nov. 3, 2006).  Petitioner was sentenced to forty-five years confinement.  On September 24, 2007, the Fifth District Court of Appeals affirmed the conviction and sentence.  *Johnson v. State*, No. 05-06-1606-CR, 2007 WL 2757792 (Tex. App. – Dallas 2007, no pet.).  Petitioner did not file a timely petition for discretionary review ("PDR").

On January 12, 2009, Petitioner filed a state application for writ of habeas corpus.  *Ex parte Johnson*, Application No. 71,978-02.  On June 10, 2009, the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court.

On August 14, 2009, Petitioner filed this federal petition. He argues:

(1) the trial court abused its discretion when it refused to rule on his speedy trial claim;

(2) he received ineffective assistance of counsel when counsel:

   (a) failed to investigate;

   (b) failed to provide an adequate defense;

   (c) failed to file pre-trial motions;

   (d) failed to make proper objections;

   (e) failed to obtain an expert witness; and

   (f) failed to obtain exculpatory witnesses;

(3) he received ineffective assistance of appellate counsel when counsel failed to raise all trial claims on appeal;

(4) his conviction violated double jeopardy;

(5) the trial court erred when it allowed perjured testimony;

(6) the trial court erred when it allowed the prosecutor to use leading questions;

(7) the court erred in allowing hearsay evidence to be admitted; and

(8) he was denied the right to allocution before sentence was pronounced.

On October 16, 2009, Respondent filed his answer arguing the petition is time-barred. On November 10, 2009, Petitioner filed his traverse. The Court now finds the petition should be dismissed as barred by the one-year statute of limitations.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief or other

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**        Page -3-

collateral review is pending. *Id.* § 2244(d)(2)

On September 24, 2007, the Fifth District Court of Appeals affirmed the conviction and sentence. Petitioner did not file a timely PDR.[2] His conviction therefore became final thirty days later, on October 24, 2007. *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until October 24, 2008, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On January 12, 2009, Petitioner filed a state petition for writ of habeas corpus. This petition did not toll the limitations period, however, because it was filed after the one-year limitations period expired.

Petitioner was required to file his federal petition by October 24, 2008. He did not file his petition until August 14, 2009.

Petitioner argues his petition should be considered timely. He states he mailed his state habeas petition to the court on November 20, 2008. He states the court returned the petition to him on December 29, 2008, because it was not in the correct form. Even if the Court were to apply the November 20, 2008, date to the limitations period, however, the federal petition is late. Petitioner's federal limitations period expired on October 24, 2008, the state habeas petition –

---

[2]Petitioner erroneously filed his PDR with the Court of Criminal Appeals rather than the appellate court. Petitioner did not properly file his PDR until after the deadline passed. The Court of Criminal Appeals therefore took no action on the late PDR. (Resp. Ex. D); *England v. Quarterman*, 242 Appx. 155, 158 2007 WL 2083605 (5th Cir. 2007) (finding noncomplying motion does not suspend finality of state court judgment).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge** Page -4-

even if it was filed on November 20, 2008, did not toll the limitations period.

**B.  Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has made no argument that he is entitled to equitable tolling. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 19th day of July, 2010.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).